HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST LABORERS-EMPLOYERS
HEALTH & SECURITY TRUST, et al.,

    Plaintiffs,

    v.

SUPERIOR CIVIL CONTRACTORS,
LLC, et al.,

    Defendants.

CASE NO. C12-968RAJ

ORDER

This matter comes before the court on Plaintiffs' motion for default judgment against defendant Superior Civil Contractors, LLC.  Dkt. # 26.

The court's role in considering a motion for default judgment is not ministerial. The court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).  The plaintiff must provide evidence to support a claim for a particular sum of damages.  *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B).  Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum

ORDER– 1

or capable of mathematical calculation," the court must conduct a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Additionally, if the trust fund proves the fact of damage and the employer's failure to keep adequate records, the burden shifts to the employer to come forward with evidence of the extent of covered work performed by the employees. *Brick Masons Pension Trust v. Indus. Fence & Supply, Inc.*, 839 F.2d 1333, 1338-39 (9th Cir. 1988). A trust fund is "entitled as a matter of law to recover contributions for all hours worked by [employees] during the [time period] in which they were shown to have performed some covered work for [the employer]." *Id.* at 1339.

Plaintiffs are a collection of trust funds, along with the Washington and Northern Idaho Council of Laborers and its Union locals. The amended complaint only names Daniel Turple, Jake LeSarge, Luis Donate, Tyler Lanham and Elie Redeman as former employees of Defendant Superior Civil Contractors, LLC ("SCC"). Dkt. # 19. Plaintiffs seek a default judgment against SCC for contributions and wage deductions in the amount of $43,820.62, with liquidated damages of $5,373.66, interest of $7,533.53, unpaid wages of $6,761.50, costs of $809.92, and attorney's fees of $6,637.00, for a total amount of $70,936.21, and post-judgment interest at 0.17 percent. The court cannot award this judgment for several reasons.

First, the declarations provided by counsel for plaintiffs do not comply with 28 U.S.C. § 1746, and are thus inadmissible. Dkt. # 27, # 28. Indeed, the vast majority of purported "facts" are not based on personal knowledge, but rather appear to be argument and summaries of various documents that should be in the moving papers. Dkt. # 27. Second, it is unclear to the court how counsel came to the conclusion that SCC was obligated to pay plaintiffs $11.07 per hour per employee. *Compare* Dkt # 27 at 3 (Tuttle Decl.) ¶ 8 *with* Dkt. # 27-2 at 9 (Ex. A-2.9). If counsel calculated this amount based on

ORDER– 2

the numbers provided in the exhibit, he should provide the court with an understanding of that calculation. Third, even if the declaration was admissible, there is no competent evidence that Allen Newmiller, Kevin Smith, Allen Springe, and Rick Bradshaw are former employees of SCC, or the number of hours they worked. These individuals were not named in the amended complaint as employees either. Plaintiffs have not provided the court with legal authority that it may recover benefit contributions and wage deductions of purported employees who are not identified in the complaint or where there is otherwise no evidence that would support an award. *Brick Masons* is distinguishable because, there, the trust funds had demonstrated "all hours worked" during a specific timeframe that each employee worked. Plaintiffs have failed to demonstrate the hours worked during a specific period by Newmiller, Smith, Springe, and Bradshaw.

The court DENIES Plaintiffs' motion for default judgment for the reasons stated above. This ruling is without prejudice to a renewed motion for default judgment that addresses the concerns the court raised in this order.

DATED this 2nd day of April, 2013.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER– 3